21213

UNITED FINANCIAL CORPORATION (erroneously styled B. W. Middleton, Representing United Finance Company), Respondent, v. Edward and Andrea CRIBB, Appellants.

(266 S. E. (2d) 71)

*Ralph J. Wilson* and *Thomas J. Rubillo,* Georgetown, *for appellants.*

*Eugene S. N. Lawrimore,* Georgetown, *for respondent.*

April 30, 1980.

GREGORY, Justice:

Appellants Edward and Andrea Cribb appeal from a judgment of the magistrate's court in favor of respondent United Financial Corporation in this claim and delivery action. On appeal to the circuit court the judgment was affirmed. We also affirm.

A consumer loan made by respondent to appellants, secured by certain personal property, gives rise to the issues on this appeal. The transaction is subject to the provisions of the Consumer Finance Law, Sections 34-29-10 through 34-29-260, Code of Laws of South Carolina (1976).

The first issue is whether that portion of the total loan, or "amount financed", which was disbursed on appellants' behalf to pay life and accident insurance premiums, documentary stamps and recording fees is subject to the finance charge along with the net proceeds received by appellants. We hold that it is.

Finance charges for this consumer loan are computed under a formula set forth in § 34-29-140(a)(2) of the Consumer Finance Law. A finance charge may lawfully be assessed by a lender against "the amount of cash or its equivalent that the borrower actually receives or is paid out at his direction or on his behalf." § 34-29-10(e).

Documentary stamps and recording fees are legitimate closing costs assessed the borrower. Pursuant to § 34-29-160 respondent may also require insurance on the borrower and the security as a condition of the loan. It follows that disbursing those fees and premiums out of the proceeds of the loan is simply paying those required assessments with money "paid out at [appellants'] direction or on [their] behalf", § 34-29-10(e), and therefore that portion of the loan is subject to the finance charge allowed by § 34-29-140 (a)(2).

Appellants next contend there was insufficient evidence that the initial charge of $12.00 assessed by respondent pursuant to § 34-29-140(a)(2) in addition to the finance charge was earned. The rules of the State Board of Bank Control [1] place the burden on the lender to prove the initial charge was earned.

---

[1] The Board's statutory rule-making power is derived from Section 34-29-110 of the Consumer Finance Law (1976 Code).

576

Testimony of a confidential credit report was introduced at the hearing before the magistrate as proof the initial charge was earned. The credit report was in the possession of respondent's witness and although not offered in evidence was examined by the magistrate. Investigating the "financial standing of the borrower" is one service for which the lender may exact the initial charge. § 34-29-140(a)(2). The magistrate, as trier of fact, found this evidence to be sufficient proof on the issue. We agree.

Lastly, appellants allege the magistrate erred by denying counsel the right to examine the credit report. Only evidence of the existence of the credit report, not its content, is relevant to the issue of the initial charge. Thus, the magistrate's refusal to allow counsel for appellants to examine the details of the report was not error.

Accordingly, the judgment below is affirmed.

Affirmed.

Lewis, C. J., and Littlejohn, Ness and Harwell, JJ., concur.